# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**TAMARA HODGES,** Individually, and on behalf of herself and other similarly situated current and former employees,

    Plaintiffs,

v.                                                                NO. _____

**PACIFIC BELLS, LLC,**
a Washington Limited Liability Company,

    Defendant,

FLSA Opt-In Collective Action

**JURY DEMANDED**

## COLLECTIVE ACTION COMPLAINT

Plaintiff Tamara Hodges, individually, and on behalf of herself and all other similarly situated current and former employees classified as hourly-paid Restaurant General Managers of Defendant, brings this collective action against Defendant and alleges as follows:

## I.

## INTRODUCTION

1. Plaintiff Tamara Hodges was an employee of Defendant Pacific Bells, LLC at all times relevant to this collective action.

2. This lawsuit is brought against Defendant as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid straight time wages, unpaid overtime compensation and other damages owed to Plaintiff and other similarly situated current and former employees, classified as hourly-paid Restaurant General

1

Managers by Defendant and, who are members of a class as defined herein and currently or previously employed by Defendant.

## II.   JURISDICTION AND VENUE

3. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff resided in this district at all times relevant to this action, Defendant regularly conducted and continues to conduct business in this district and, Defendant has engaged and continues to engage in wrongful conduct alleged herein in this district during all material times in this cause.

## III.   CLASS DESCRIPTION

5. Plaintiff brings this action on behalf of the following similarly situated persons:

All current and former hourly-paid employees of Defendant who are/were classified by Defendant as Restaurant General Managers at its Taco Bell, Kentucky Fried Chicken (KFC), Pizza Hut Express, Long John Silvers and A&W franchised restaurants and, who were employed by Defendant in the United States at any time during the applicable limitations period covered by this Collective Action Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who is a Named Plaintiff or elect to

opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) (Collectively, "the class").[1]

## IV.     PARTIES

6. Plaintiff Tamara Hodges ("Plaintiff") was a resident of this district and, was employed by Defendant as a hourly-paid Restaurant General Manager at one or more of Defendant's Taco Bell franchised restaurants during the relevant period herein. (Plaintiff Hodges' Consent to Join this collective action is attached hereto as Exhibit A.)

7. Defendant Pacific Bells, LLC is a Limited Liability Corporation with its principal executive office located at 111 W. 39th Street, Vancouver, Washington, WA 98660-1974. It can be served process through its registered agent: CT Corporation, 800 S. Gay Street (Suite 2021), Knoxville, Tennessee 37929-9710.

## V.     ALLEGATIONS

8. Defendant owns and operates over 150 Taco Bell, KFC, Pizza Hut Express, Long John Silvers' and A&W franchised restaurants in several states across the United States, including Tennessee, Mississippi, Alabama, Ohio, Oregon, Washington and Wisconsin during all times relevant to this Collective Action Complaint.

9. The primary function of Defendant's aforementioned franchised restaurants is to prepare and sell food and beverage items to its customers.

10. Defendant is and/or has been the "employer" of the Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d), during all times relevant to this Collective Action Complaint.

---

[1] Plaintiffs reserve the right to modify or amend the Class Description upon newly discovered information gathered through the discovery process.

11. Plaintiff and all other similarly situated persons are current or former hourly-paid Restaurant General Managers of Defendant's aforementioned franchised restaurants.

12. Defendant employed Plaintiff and those similarly situated and was responsible for establishing and administering pay policies and practices, including pay classifications and overtime pay rates, during all times relevant to this Collective Action Complaint.

13. At all times material, Defendant has had centralized plans, policies and practices (scheme) of establishing and administering pay practices for its employees classified as hourly-paid Restaurant General Managers.

14. Plaintiff and those similarly situated are or have been "employees" of Defendants as defined by Section 203(e)(1) of the FLSA and, worked for Defendant within the territory of the Unites States within three (3) years preceding the filing of this lawsuit and, during all times material to this Collective Action Complaint.

15. Defendant has been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00 during all times material to this Collective Action Complaint.

16. At all times material to this action, Defendant has been subject to the pay requirements of the FLSA because it is an enterprise in interstate commerce and its employees are engaged in interstate commerce.

17. Defendant employs individuals classified as hourly-paid Restaurant General Managers whose primary duties (along with other hourly-paid employees) are to prepare and serve food and beverage items to Defendant's customers.

18. Defendant has and continues to employ a uniform and centralized electronic time keeping system for tracking and reporting employees' hours of work at each of its aforementioned franchised restaurants.

19. Defendant has had a centralized plan, policy and practice of inducing, requiring, forcing, encouraging, expecting and, suffering and permitting, Plaintiff' and class members to work in excess of 40 hours per week but editing or shaving their compensable time to less than the time they actually worked (within weekly pay periods during all times relevant to this action) in order to stay within the "budgeted labor" cost allotted for each of its restaurants.   Accordingly, Plaintiff' and Class Members' "editing out" or "shaving" claims are unified by a common theory of Defendants' FLSA statutory violations.

20. Defendant has had a centralized plan, policy and practice of strictly enforcing restricted hours of compensable work per day and per week ("budgeted labor") by providing special and favorable recognition to management members (superior to Plaintiff and other class members) to stay within or below such "budgeted labor" on the one hand and, threatening and impacting the job security of such superior management members who failed to stay within such "budgeted labor" on the other hand, even though such budgeted labor was/is inadequate to meet the operational demands and needs of its restaurants, which "budgeted labor" policy, in turn, caused Defendant's management members (superior to Plaintiff and class members) to expect, encourage, entice, condone, induce, permit and/or require Plaintiff and those similarly situated to perform unpaid "off the clock" work, as described herein. Accordingly, Plaintiff's and Class Members' "off-the-clock" claims are unified by a common theory of Defendants' FLSA statutory violations.

21. At all times relevant to this action and, pursuant to Defendant's centralized, unified and uniform "budgeted labor" plans, policies and practices, Defendant has expected, encouraged, induced, condoned, required and, suffered and permitted, Plaintiff and others similarly situated to perform work "off the clock" without compensating them at the applicable FLSA minimum wage rates of pay and overtime compensation, including the following "off the clock" compensable time:

   (a) Expecting, encouraging, inducing, condoning, requiring and, suffering and permitting, Plaintiff and others similarly situated to perform job duties "off the clock" <u>before</u> clocking-in to their scheduled shifts.

   (b) Expecting, encouraging, inducing, condoning, requiring and, suffering and permitting, Plaintiff and others similarly situated to perform job duties (including the processing and submitting of "end-of-day" reports) "off the clock" <u>after</u> clocking-out of their scheduled shifts;

   (c) Expecting, encouraging, inducing, condoning, requiring and, suffering and permitting, Plaintiff and others similarly situated to conduct and receive job-related training "off the clock";

   (d) Expecting, encouraging, inducing, condoning, requiring and, suffering and permitting, Plaintiff and others similarly situated to attend mandatory meetings "off the clock";

   (e) Expecting, encouraging, inducing, condoning, requiring and, suffering and permitting, Plaintiff and others similarly situated <u>to pick up and deliver</u> restaurant-related food, supplies, bank documents, etc. while "off the clock";

(f) Expecting, encouraging, inducing, condoning, requiring and, suffering and permitting, Plaintiff and others similarly situated to <u>receive and handle</u> emails, text messages, internet searches and other such communications from and to management members, employees and customers while "off the clock": and,

(g) Expecting, encouraging, inducing, condoning, requiring and, suffering and permitting, Plaintiff and others similarly situated to perform job duties on their "off days" while "off the clock."

22. As a result of such uncompensated "off the clock" work time, Plaintiff and others similarly situated are entitled to and, seek to recover, from Defendant at least the applicable FLSA minimum wage rate of pay for all such unpaid "off the clock" hours and, also, for any applicable overtime hours at one and one-half times their regular hourly rate of pay for all hours in excess of forty (40) within weekly pay periods during all relevant times to this action, as required by the FLSA.

23. Defendant's centralized timekeeping records do not reflect the aforementioned "edited out" and "off the clock" hours of Plaintiff and others similarly situated.

24. As a consequence of Defendant's timekeeping records not reflecting actual hours worked, when the unpaid "off the clock" work time is added to their recorded time, Plaintiff and other members of the class who have worked in excess of forty (40) hours per week, within weekly pay periods during all times relevant, are entitled to and, hereby seek, a recovery of all such unrecorded overtime work at one and one-half times their regular hourly rate of pay for all hours in excess of 40 within said weekly pay periods, as required by the FLSA.

25. The net effect of Defendant's aforementioned plan, policy and practice of "editing out" Plaintiff and class members' compensable time and, expecting, encouraging, inducing, condoning, requiring and, suffering and permitting, Plaintiff and others similarly situated to work "off the clock" without being compensated for such work is that Defendant willfully failed to pay Plaintiff and other members of the class for all straight time work, minimum wages, and premium pay for overtime work in order to save payroll costs and payroll taxes.

26. As a consequence, Defendant has violated the FLSA and, thereby has enjoyed ill-gained profits at the expense of Plaintiff and others similarly situated.

27. Plaintiff and others similarly situated are entitled and, hereby seek, to recover back pay, liquidated damages, attorneys' fees, interest, and other cost, fees and expenses from Defendant for all such unpaid "edited out" and "off the clock" compensable time, that is available under the FLSA.

28. Although at this stage Plaintiff is unable to state the exact amount owed to her and other members of the class, she believes such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

### VI.  COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff brings this action on behalf of herself and the class as a collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

30. The claims under the FLSA may be pursued by those who opt-in to this cause of action under 29 U.S.C. § 216(b).

31. The members of the class are so numerous that joinder of all other members of the class is impracticable. While the exact number of the other members of the class is unknown to Plaintiff at this time and, can only be ascertained through applicable discovery, Plaintiff believes there are at least hundreds of individuals in the class.

32. The claims of Plaintiff are typical of the claims of the class. Plaintiff and the other members of the class work or have worked for Defendant's aforementioned franchised restaurants and were subject to the same operational, compensation and timekeeping policies and practices, including not being paid for all their "edited out" and "off the clock" compensable time at the applicable FLSA minimum wage and overtime rates of pay. As a result, the claims of Plaintiff and Class Members "edited out" and "off-the-clock" claims are unified by common theories of Defendant's FLSA statutory violations.

33. Common questions of law and fact exist as to the class which predominate over any questions only affecting other members of the class individually and include, but are not limited to, the following:

- Whether Plaintiff and other members of the class were expected, encouraged, induced and/or required to perform work without compensation;

- Whether Defendant condoned and/or, suffered and permitted, Plaintiff and other members of the class to perform work without compensation;

- Whether Defendant failed to pay Plaintiff and other members of the class all applicable straight time wages for all hours worked;

- Whether Defendant failed to pay Plaintiff and the other members of the class the applicable minimum wage for all work performed;

- Whether Defendant failed to pay Plaintiff and other members of the class all overtime compensation due them for all hours worked in excess of forty (40) hours per week within weekly pay period during all times relevant;

- The correct statutes of limitations for the claims of Plaintiff and other members of the class;

9

- Whether Plaintiff and other members of the class are entitled to damages, including but not limited to liquidated damages, and the measure of the damages; and,

- Whether Defendant is liable for interest, attorneys' interest, fees, and costs.

34. Plaintiff will fairly and adequately protect the interests of the class as their interests are aligned with those of the other members of the class. Plaintiff has no interests adverse to the class and, Plaintiff has retained competent counsel who are experienced in collective action litigation.

35. Collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual other members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

36. Plaintiff and other members of the class have suffered and will continue to suffer irreparable damage from the unlawful policies, practices, and procedures implemented by Defendant.

## COUNT I

## **FLSA VIOLATIONS – UNPAID STRAIGHT WAGES**

### (On Behalf of the Class)

37. Plaintiff, on behalf of herself and the class, repeats and re-alleges Paragraphs 1 thru 36 above, as if they were fully set forth herein.

38. At all relevant times, Defendant has been and continues to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

39. At all relevant times, Defendant has employed (and/or continue to employ) Plaintiff and each of the other members of the class within the meaning of the FLSA.

40. At all times relevant and based on the aforementioned allegations, Defendant has had a uniform plan, policy and practice of willfully failing to pay Plaintiff and other members of the class for all hours worked (including the aforementioned unpaid "edited out time" and "off the clock" compensable time), at the applicable FLSA minimum wage and overtime rates of pay.

41. Defendant's uniform plan, policy and practice of willfully failing to pay Plaintiff and members of the class at least the required minimum wage rate of $7.25 an hour and, one and one-half times their regular hourly rate of pay for all hours in excess of forty (40) within weekly pay periods during all times relevant, have violated the FLSA.

42. Plaintiff's and class members' unpaid "edited out" and "off the clock" claims are unified by common theories of Defendants' FLSA violations.

43. At all times relevant, Defendant has had actual and/or constructive knowledge of willfully refusing to pay Plaintiff and other members of the class for all hours worked (including the aforementioned unpaid "edited out" and "off the clock" compensable time), at least at the applicable FLSA minimum wage and overtime rates of pay.

44. As a result of Defendant's willful failure to compensate Plaintiff and other members of the class the applicable federal minimum wages for all hours worked (including the aforementioned "edited out" and "off the clock" compensable time), it has violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*

45. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

46. Due to Defendant's willful FLSA violations, Plaintiff and the other members of the class are entitled and, hereby seek, to recover from Defendant compensation for the aforementioned unpaid wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## COUNT II

### FAIR LABOR STANDARDS ACT VIOLATIONS – OVERTIME
(On Behalf of the Class)

47. Plaintiff, on behalf of herself and other members of the class, repeats and re-alleges Paragraphs 1 through 46 above as if they were set forth herein.

48. At all times relevant herein, Defendant has been and continues to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

49. At all times relevant herein, Defendant has employed (and/or continues to employ) Plaintiff and each of the other members of the class within the meaning of the FLSA.

50. At all times relevant herein, Defendant has had a uniform plan, policy and practice of willfully failing to pay Plaintiff and other members of the class appropriate overtime compensation for all of their hours worked (including the aforementioned unpaid "edited out" and "off the clock" compensable time), in excess of forty hours per week within applicable weekly pay periods.

51. During all times relevant, Defendant's uniform plan, policy and practice of willfully failing to pay Plaintiff and members of the class one and one-half times their regular hourly rate of pay for all hours worked over forty (40) during weekly pay period of the statutory period, including the aforementioned unpaid "edited out" and "off the clock"

compensable time, has resulted in their claims being unified though common theories of FLSA violations.

52. At all times relevant herein, Defendant has had actual and/or constructive knowledge of willfully refusing to pay Plaintiff and other members of the class for all hours worked (including the aforementioned unpaid "edited out" and "off the clock" compensable time.)

53. As a result of Defendant's willful failure to compensate Plaintiff and other members of the class at the applicable federal minimum wage for all hours worked (including the aforementioned unpaid "edited out" and "off the clock" compensable time), at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week, within applicable weekly pay periods, it has violated and continues to violate the FLSA, 29 U.S.C. § 255(a).

54. Due to Defendant's willful FLSA violations, as described above, Plaintiff and the other members of the class are entitled and, hereby seek, to recover from Defendant compensation for unpaid overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Whereas, Plaintiff, individually, and/or on behalf of herself and all other similarly situated members of the class, request this Court to grant the following relief against Defendant:

    **A.** Designation of this cause as a collective action on behalf of the class and promptly issue notice pursuant to 29 U.S.C. § 216(a), apprising class members of the pendency

of this action and permitting other members of the class to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B. On Count I, an award of compensation for unpaid wages to Plaintiff and other members of the class;

C. On Count II, an award of compensation for unpaid overtime wages to Plaintiff and the other members of the class at the applicable FLSA overtime rate of pay.

D. On Counts I and II an award of liquidated damages to Plaintiff and other members of the class;

E. On Counts I and II an award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiff and other members of the class;

F. On Counts I and II an award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and other members of the class;

G. On Counts I and II a ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and;

H. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **trial by jury** on all issues so triable.

Dated:  August 7, 2017

                               Respectfully Submitted,

*/s/Gordon E. Jackson*
Gordon E. Jackson (TN BPR #08323)
James L. Holt, Jr. (TN BPR #12123)
J. Russ Bryant (TN BPR #33830)
Paula R. Jackson (TN BPR #20149)
**JACKSON, SHIELDS, YEISER & HOLT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee  38018
Tel:  (901) 754-8001
Fax:  (901) 759-1745
*gjackson@jsyc.com*
*jholt@jsyc.com*
*rbryant@jsyc.com*
*pjackson@jsyc.com*


*Attorneys for Named Plaintiffs, on behalf of herself and all other similarly situated current and former employees*